### HIRSCH et al. v. PLATT.

(Supreme Court, Appellate Term. March 2, 1903.)

1. CARRIERS—EXPRESS COMPANIES—REDELIVERY OF GOODS—DEMAND—TENDER—DISMISSAL OF COMPLAINT.

    Plaintiffs delivered a package for transportation to defendant express company, and, on being informed that the consignee refused to accept the same, notified defendant to return it, and thereafter mailed a letter to defendant's main office, requesting immediate delivery of such package. This letter was not answered, but subsequently a man professing to represent defendant came to plaintiff's place of business with the letter, asked to see the receipt, and, on its being shown to him, made a note of it, and stated he would trace the package. *Held*, that plaintiffs were entitled to expect that the goods would be returned to them in due course, and that they would be given an opportunity to pay the charges thereon, when informed of the amount due, and hence the dismissal of a complaint for the loss of the goods for failure to prove a demand and a tender of the charges was erroneous.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel Hirsch and another against Thomas C. Platt, as president of the United States Express Company. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Joseph Wilkenfeld, for appellants.

Boardman, Platt & Soley (Charles Kingsley, of counsel), for respondent.

GIEGERICH, J. This action was brought to recover damages for the loss of a package of goods delivered by the plaintiffs to the defendant company to be conveyed by express from New York City to Paterson, N. J. The package, as appears by the express company's receipt, was addressed as follows: "The Paterson Store, Main Street, New Jersey," and was shipped on December 24, 1901, as shown by the undisputed testimony of the plaintiffs' shipping clerk. A postal card was received by the plaintiffs from the defendant company announcing that the goods had been refused at Paterson. This card had printed upon it the following:

"Please instruct us through the agent at your place as to the disposition of same, presenting this card. Goods are held subject to your order and at your risk."

The shipping clerk wrote at the bottom of this postal card a direction to send the goods at once to the plaintiffs at their place of business, giving their name and address, inclosed in an envelope, and mailed it on the same day, addressed to the defendant company, at

its branch office, 152 Duane street, this city. Subsequently, and on January 31, 1902, the same clerk, as he testified, sent a letter to the company, at its main office, 49 Broadway, New York City, as follows:

"Please deliver to us, the package forwarded to us, on December 24, 1901, to the Sonnenberg Company, Paterson, New Jersey, which is in your possession. Kindly deliver same to us at once. By so doing you will oblige,
　　　　　　　　　　　　　　　　　　　　　　　　"Hirsch & Brother."

No answer was received to this letter, but subsequently a man professing to be a representative of the company came to the plaintiffs' place of business with it, asked to see the receipt, which was shown him, made a note of it, and said he would trace the package. The letter just quoted was excluded on the objection that it was "incompetent, immaterial, and irrelevant." The learned justice dismissed the complaint upon the two grounds that there was no demand nor tender proved.

As to proof of demand, we think enough evidence was offered for this purpose. On behalf of the defendant it is urged that the letter of January 31st was not a demand for the goods in suit, which were addressed to the Paterson Store, Paterson, N. J., whereas the demand was for goods sent to the Sonnenberg Company, of that place. There was, however, the positive testimony of the clerk who delivered the package to the express company that it bore after the words the "Paterson Store" the words "Sonnenberg & Company, Proprietors," and this testimony is not disputed, unless by implication by the form of the receipt given. But even assuming it bore only the words appearing on the receipt, there remains the fact that some one—presumably from the defendant company's office, since he carried a letter that had been sent to the company—called at the plaintiffs' place of business, and made a note of the addresses given on the receipt; thus connecting the two papers, and identifying the package, and removing any uncertainty that might have existed before as to what shipment was referred to in the letter of the 31st. This letter and the circumstances connected with it were not all there was in the case and on the point of demand, however. There was the defendant's own postal card, sent from the Paterson office, announcing the nondelivery of the goods, and asking what to do with them, which was, in accordance with the directions printed thereon, returned to the defendant at one of its New York offices, with the information that the goods should be returned to the plaintiffs, their name and address being given. After such request thus complied with, coupled with the other facts in the case, the express company ought not to be heard to object either that the demand or tender has not been made. Under all the circumstances the plaintiffs were entitled to expect that in due course the goods would be returned to them, as they had directed upon the invitation of the company, and that the amount of the charges would be made known to them, and an opportunity to pay the same be given. The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.